THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v. LIPMAN ARENSBURG, APPELLANT.

*Sale of animal fat, colored to resemble butter* — 1885, *chap.* 183, *sec.* 7, *as amended by sec.* 2 *of chap.* 458 *of* 1885.

The defendant kept for sale and sold, as oleomargarine, a white product of animal fat so colored as to imitate and resemble natural butter.
*Held,* that he was guilty of a misdemeanor in violating the provisions of section 7 of chapter 183 of 1885, as amended by section 2 of chapter 458 of 1885. (PRATT, J., dissenting.)

APPEAL by the defendant from a conviction and judgment of the Court of Sessions of Kings county.

The defendant sold a substance, the product of animal fat, colored in imitation or semblance of natural butter. The person purchasing it asked for oleomargarine and it was sold to him as such. The defendant was engaged in the oleomargarine business and had on the outside of his place of business a sign with the word " Oleomargarine " thereon.

*F. R. Coudert, Wheeler H. Peckham, John N. Lewis*, for the appellant.

*James W. Ridgway*, district attorney, for the respondent.

BARNARD, P. J.:

The legislature is the guardian of the public health not only, but is the protector of citizens against fraud and imposition. By chapter 183, Laws of 1885, and amended by chapter 458, Laws of 1885, it was enacted that no person shall manufacture, except from unadulterated milk and cream, any product "in imitation or semblance of" natural butter made from cream, nor shall he sell any article produced in violation of that act. The defendant sold a compound in violation of this act. A dead white product of animal fat is so colored as to resemble butter. It is not sold as butter in this case, but as oleomargarine; but it was an imitation of butter, and purposely made so. The legislature has power to prohibit a fraud — a simulation of a healthy article of food, and one which is so universally consumed by the people.

The Court of Appeals condemned a law which prohibited the manufacture of an article designed to take the place of butter, but the court seems to make a distinction between manufacturing a compound from tallow or other fats to take the place of butter and the sale of the same compound so colored as to be an imitation of butter. (*People* v. *Marx*, 99 N. Y., 377.)

The case of the *People* v. *Kerin* (39 Hun, 631) is not in conflict with this view of the statute. In that case the accused purchased the adulteration as dairy butter, and sold it as such, believing it to be dairy butter. The case presented is one entirely different. The simulated compound is bought and sold as oleomargarine, but is so made as to deceive by a false color. If oleomargarine may be made, let it present no false appearance.

Judgment affirmed.

DYKMAN, J., concurred.

PRATT, J.:

It seems to me this case cannot, in principle, be distinguished from case lately decided by Court of Appeals. I therefore dissent.

Conviction and judgment affirmed.